United States Bankruptcy Court
Middle District of Pennsylvania

In re:  
David J Palmiter  
Rosemary Palmiter  
    Debtors

Case No. 18-00245-RNO  
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0314-5     User: admin     Page 1 of 1     Date Rcvd: May 09, 2018  
                     Form ID: 318     Total Noticed: 10

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 11, 2018.
```
db/jdb         +David J Palmiter,    Rosemary Palmiter,    116 Wisteria Lane,    Archbald, PA 18403-1980
5014116        +Bank of America,    4909 Savarese Circle,    Tampa, FL 33634-2413
5014117         Benjamin J. Trichilo, Esq.,    2703 Silkwood Court,    Oakton, VA 22124-1454
5014120        +Joseph Gallo,    6314 Seventh Street,    Alexandria, VA 22312-1916
5014122        +Peoples Security Bank,    216 South Main Street,    Old Forge, PA 18518-1605
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5014115         EDI: BANKAMER.COM May 09 2018 23:03:00      Bank of America,    PO Box 982238,
                 El Paso, TX 79998
5014118        +EDI: CAPITALONE.COM May 09 2018 23:03:00      Capital One,    PO Box 30281,
                 Salt Lake City, UT 84130-0281
5014119         EDI: CHASE.COM May 09 2018 23:09:00      Chase,    PO Box 15298,    Wilmington, DE 19850-5298
5014121         EDI: RMSC.COM May 09 2018 23:03:00      Lowe's,    PO Box 530914,    Atlanta, GA 30353-0914
5014123        +EDI: RMSC.COM May 09 2018 23:03:00      SYNCB/Sleepys,    PO Box 965036,    Orlando, FL 32896-5036
                                                                                              TOTAL: 5
```

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 11, 2018                                                                                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 9, 2018 at the address(es) listed below:
```
              Jack M Seitz    on behalf of Plaintiff Linda  Gallo jseitz@lesavoybutz.com,    sblake@lesavoybutz.com
              Jack M Seitz    on behalf of Plaintiff Joseph L Gallo jseitz@lesavoybutz.com,
               sblake@lesavoybutz.com
              James Warmbrodt    on behalf of Creditor   BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              John J Martin (Trustee)    pa36@ecfcbis.com, trusteemartin@martin-law.net
              Mark J. Conway    on behalf of Debtor 2 Rosemary  Palmiter info@mjconwaylaw.com,
               connie@mjconwaylaw.com;mjc@mjconwaylaw.com
              Mark J. Conway    on behalf of Debtor 1 David J Palmiter info@mjconwaylaw.com,
               connie@mjconwaylaw.com;mjc@mjconwaylaw.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 7
```

| | | |
|---|---|---|
| Debtor 1 | **David J Palmiter** | Social Security number or ITIN xxx−xx−6979 |
| | First Name  Middle Name  Last Name | EIN __−_____ |
| Debtor 2 (Spouse, if filing) | **Rosemary Palmiter** | Social Security number or ITIN xxx−xx−2574 |
| | First Name  Middle Name  Last Name | EIN __−_____ |

United States Bankruptcy Court  **Middle District of Pennsylvania**

Case number:  **5:18−bk−00245−RNO**

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

David J Palmiter                Rosemary Palmiter

**By the court:**

May 9, 2018

Honorable Robert N. Opel, II
United States Bankruptcy Judge

By: AutoDocketer, Deputy Clerk

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**